Filed 2/4/16  P. v. Baldwin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C078056 |
| Plaintiff and Respondent, | (Super. Ct. No. P13CRF0335) |
| v. | |
| EARL ROBERT BALDWIN, | |
| Defendant and Appellant. | |

Defendant Earl Robert Baldwin was convicted of continuous sexual abuse of a child under 14 (Pen. Code, § 288.5; unless otherwise stated statutory references that follow are to the Penal Code) and was found to have had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)).

Defendant's sole contention on appeal is that the trial court erred in admitting his adult stepdaughter's testimony as propensity evidence.  (Evid. Code, § 1108.)  We affirm the judgment.

1

FACTS AND PROCEEDINGS

Defendant molested the victim, his granddaughter, from the time she was four until she was seven years old.

When the victim was about three, she and her younger brother moved in with defendant and his wife.  Defendant and his wife became their legal guardians.

The victim, nine at the time of trial, testified that starting when she was four, defendant would touch her vagina and anus using his hand and penis.  He did it as they sat on the couch or reclining chair, watching TV in the master bedroom.  He also touched her when she was in bed with him; she would sometimes get in bed with her grandparents after she had a nightmare or wet the bed (both frequent occurrences).  The victim testified the touching happened every day, and the grandmother was always in a different room when it happened.

The molestation finally stopped when one evening the victim, then seven, told her grandmother that her bottom hurt, "where papa touches me."  She then told her grandmother about the touching and that she wanted it to stop.  The victim asked for a family meeting that night.

At the meeting with her grandparents, the victim told defendant:  "Papa, I want you to stop doing that thing."  She added:  "Papa, you know, when you put your hand in my underwear and rub your penis against me, I don't like it, it doesn't feel good."  Defendant, who was sitting on the bed, said nothing; he then got up, went to the bathroom, and dry heaved for several minutes.

That night, defendant's wife asked if it was true; defendant "wouldn't say yes or no."  His wife recalled defendant saying something to the effect of, "don't worry about it, my life is over, just do whatever you need to do for the kids" and "I'm not going to say [the victim] is wrong, just go ahead with whatever [the victim] is telling you."  Later that night he said, "[I]f I had a gun, I would shoot myself."

2

The trial court admitted, over objection, defendant's adult stepdaughter's testimony as propensity evidence properly admissible under Evidence Code section 1108.

The stepdaughter testified that 25 to 30 years prior to trial, when she was 12 or 13 years old, defendant asked her if she ever masturbated. The stepdaughter felt embarrassed by the question. Defendant then added that her "mom did it all the time."

The stepdaughter also testified that her relationship with defendant was "normal, nothing out of the ordinary," though defendant was not particularly affectionate. She told the jury that defendant had never touched her inappropriately, nor made her uncomfortable or done anything inappropriate in any other situation.

Evidence Code section 1108 permits evidence of past sexual misconduct to prove propensity to commit the charged sexual offense. (*People v. Falsetta* (1999) 21 Cal.4th 903, 911.) Uncharged misconduct is admissible if the trial court makes a preliminary determination that the evidence is sufficient for the jury to find—by a preponderance of the evidence—that the defendant committed an enumerated offense. (*People v. Jandres* (2014) 226 Cal.App.4th 340, 353.)

Section 647.6 is one of the sexual offenses enumerated in Evidence Code section 1108. (Evid. Code, § 1108, subd. (d)(1)(A).) Section 647.6 proscribes annoying or molesting a child under the age of 18. There are four elements to the offense: (1) the defendant's conduct was directed at a child; (2) a normal person would, without hesitation, have been disturbed, irritated, offended, or injured by the conduct; (3) the conduct was motivated by an unnatural or abnormal sexual interest in the child; and (4) the child was under 18. (CALCRIM No. 1122.)

In deciding to admit the stepdaughter's testimony, the trial court found that defendant's conduct towards his stepdaughter qualified as a violation of section 647.6.

The court noted that the stepdaughter "indicated [the encounter] was very uncomfortable and she was embarrassed and surprised."

Defendant contends admission of the stepdaughter's testimony was error. He reasons that his conduct did not amount to a sexual offense within the meaning of section 647.6. We will assume without deciding that allowing the testimony was error but conclude the error, if any, was harmless under the circumstances presented here.

A trial court's error in admitting sexual offense propensity evidence under Evidence Code section 1108 is subject to *Watson* review. (See *Jandres, supra*, 226 Cal.App.4th at p. 357 [noting "courts have applied *Watson* to the erroneous admission of unduly prejudicial sexual offense propensity evidence"]; *People v. Harris* (1998) 60 Cal.App.4th 727, 741 [applying *Watson* to prior sex act erroneously admitted under Evidence Code section 1108].) Under that standard, we will reverse if it is reasonably probable that a more favorable result would have been reached absent the error. (*Jandres, supra*, 226 Cal.App.4th at p. 360; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Here, it is not reasonably probable that defendant would have received a more favorable result absent his stepdaughter's testimony. After being confronted concerning his conduct with the victim, defendant went to the bathroom and experienced dry heaves for several minutes. When his wife asked if what she had been told by her granddaughter was true, he "wouldn't say yes or no." He later added, "[I]f I had a gun, I would shoot myself." To the victim he said, "[I]t's okay, it's not your fault, we have to figure out a new way to be together."

Moreover, when interviewing officers asked him if the victim was being truthful in saying she saw defendant holding his penis and touching her butt, he responded by nodding and saying, "I don't think it's impossible." When asked if his finger ever rubbed between the cheeks of the child's buttox, defendant said, "I can't say never because she moves around." And when asked if it was possible that his erect penis could have

4

touched the victim's vagina while she sat on his lap, defendant first responded that he couldn't remember, and then said, "I can't say never. I can't say it did not."

The victim also testified in detail to where, when, and the precise manor defendant touched her. Those descriptions were consistent with what she told investigating officers.

In light of this evidence, it is not reasonably probable that defendant would have obtained a more favorable result before the jury absent the assumed error.

DISPOSITION

The judgment is affirmed.

       HULL       , Acting P. J.

We concur:

    MURRAY   , J.

    RENNER   , J.